UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-14014-CR-MARTINEZ

UNITED STATES OF AMERICA,

     Plaintiff,

v.

REX PALMER ALEXANDER,        REPORT AND RECOMMENDATION

     Defendant.
_____/

On or about December 19, 2009, court-appointed defense counsel Arthur L. Wallace, III ("Counsel") submitted a voucher application numbered FLS 08 1747 with appended time sheets requesting $17,558.11 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Per my request, Counsel also provided additional information concerning the nature of Counsel's representation of Defendant Rex Palmer Alexander ("Defendant") in this case.

Although Defendant was initially represented by other counsel in this case, Counsel represented Defendant for slightly less than ten (10) months from his appointment on January 7, 2009 until November 4, 2009.

Counsel seeks $17,558.11 in his application, an amount which exceeds the $8,600.00 statutory maximum allowed for representation in non-capital felony cases under the CJA.[1] As the amount requested by Counsel in the instant CJA voucher exceeds the $8,600.00 statutory maximum, court approval is required. Consequently, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 244]** referring

---

[1]

Although the CJA statutory maximum increased to $9,700.00 on January 1, 2010, the previous $8,600.00 statutory maximum applies to the instant voucher because the voucher does not include any time incurred after January 1, 2010.

the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a)*; see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than

-2-

would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

Again, since Counsel's voucher exceeds the applicable CJA maximum allowed for compensation in non-capital felony cases, I must conclude that this case involved "extended" or "complex" representation and that the amount requested is necessary to provide Counsel with fair compensation in order to award a total amount in excess of the $8,600.00 CJA maximum. I find that this case was indeed complex and extended, thus the traditional $8,600.00 cap is inapplicable.

## DISCUSSION

### This Case Was Both Complex and Extended

As I explained above, under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons. First, Counsel was not Defendant's original lawyer. Rather, Counsel was brought in as replacement counsel nine (9) months after this case originally commenced.

Counsel was appointed replacement counsel after the Court permitted Defendant's original counsel to withdraw. As replacement counsel, Counsel was required to learn everything about this case very quickly. Counsel had to review all of the pleadings and the entire record of what had occurred in the case prior to his appearance on an expedited basis. In fact, the trial in this case began less than two (2) months after Counsel was appointed. This required Counsel to expend more time, in a very short time frame, than was

-3-

required in the typical case.

Second, the facts of this case made this case more complex as well. Defendant was indicted along with two co-defendants, both family members. In Count One of the Indictment **[DE # 9]**, the government alleged that Defendant knowingly conspired to manufacture, distribute and possess five (5) grams or more of methamphetamine in violation of 21 United States Code § 846. In Count Four of the Indictment, the government alleged that Defendant knowingly possessed certain chemicals with the intent to manufacture methamphetamine in violation of 21 United States Code § 841(c)(1).

In the last count of the Indictment, the government alleged that Defendant knowingly used real property for the purpose of manufacturing and distributing methamphetamine in violation of 21 United States Code § 856(a)(1). In addition to the serious nature of the charges against Defendant in this multi-count case, this case was even more difficult because the government sought to prove that Defendant qualified for a sentencing enhancement under 21 United States Code § 851 based upon his prior criminal history **[See DE # 9 at 7]**. Consequently, Defendant was subject to an enhanced sentence of 10 years to life imprisonment and a fine of $4,000,000.00.

Third, unlike many criminal cases, this matter proceeded to trial. The trial lasted six (6) days. Counsel explained that one of the difficult trial issues in this case was whether Defendant was indeed subject to a sentencing enhancement due to his prior criminal history as alleged by the United States. Counsel spent much time researching Defendant's background and prior criminal history in order to respond to the government's request for a sentencing enhancement.

Fourth, there was extensive motion practice in this case. Counsel filed a Motion for

Leave to file Motion to Suppress Out of Time **[DE # 172]** and a Motion to Suppress Confession **[DE # 173]** shortly after entering his appearance in this case. Both motions were denied after a hearing before the Court. Following the trial, Counsel also filed a Motion for New Trial **[DE # 210]** which was denied. Counsel also prepared an Objection to the Pre-Sentence Investigation Report **[DE # 217]** and a Motion to Continue Sentencing **[DE # 218]**.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due the fact that he was brought in as replacement counsel shortly before trial. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case.

I also find that the second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation in this case was extended - is also met here. Although Counsel was not Defendant's original lawyer in this matter, this matter still required extended representation by Counsel. The original Indictment in this matter was issued on March 13, 2008. **[See DE # 9]**. Another lawyer represented Defendant until Counsel was appointed replacement counsel on January 7, 2009. **[See DE # 154]**.

The six day trial in this matter began on March 4, 2009. Defendant was convicted by a jury on March 12, 2009. **[See DE # 508]**. Defendant was sentenced on October 27, 2009 **[See DE # 222]** and the Court entered its judgment on October 29, 2009 **[See DE # 223]**. Despite the fact that Counsel was not Defendant's original lawyer in this case, Counsel represented Defendant for nearly one year. This case did require more time for processing

-5-

than the average case, and as a result, this case is properly be considered extended.

As I have concluded that this matter was complex and the representation provided by Counsel was extended, I will now review the voucher to determine the appropriate amount for which Counsel should be compensated.

## *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel listed a total of 32.6 in-court hours consisting of 24.9 hours at the hourly rate of $100.00/hour and 7.7 hours at the hourly rate of $110.00/ hour for a total dollar amount of $3,337.00. After verifying the in-court hours, the CJA administrator made no changes to the number of in-court hours claimed by Counsel.

The CJA administrator also reviewed the $12,559.00 Counsel billed for 123.1 out-of-court hours. Counsel sought compensation for 27.9 hours for "Interviews and conferences" and 19.6 hours for "Obtaining and reviewing records". Counsel also sought compensation for 9.5 hours for "Legal research and brief writing", 43.2 hours for "Travel time" and 22.9 hours for "Investigative and Other work." Counsel also listed $1,621.01 in "Travel Expenses" and $41.10 in "Other Expenses."

The CJA administrator made a number of changes both to the total number of hours and total amount sought by Counsel. Specifically, the CJA administrator corrected the total number of out-of-court hours to 162.1 and the total amount sought for out-of-court hours to $16,470.00.

## In-Court Hours[2]

Counsel seeks a total of $3,337.00 for a total of 32.6 in-court hours consisting of 24.9 hours at the hourly rate of $100.00/hour and 7.7 hours at the hourly rate of $110.00/ hour. The CJA Administrator made no correction to these figures. I approve these amounts as reasonable.

## Out-of-Court Hours

In the fee voucher, Counsel sought $12,559.00 for 123.1 out-of-court hours. The CJA Administrator corrected these figures. The CJA administrator correctly noted that the fee voucher actually reflects that Counsel spent a total of 162.1 hours out-of-court. This number consisted of 34.7 hours in "Interviews and conferences" (based on 28.4 hours at $100.00/hour and 6.3 hours at $110.00/hour), 23.9 hours in "Obtaining and reviewing records" (based on 20.5 hours at $100.00/hour and 3.4 hours at $110.00/hour), 12.0 hours in "Legal research and writing" (based on 8.9 hours at $100.00/hour and 3.1 hours at $110.00/hour), 53.6 in "Travel time" (based on 40.8 hours at $100.00/hour and 12.8 hours at $110.00/hour) and 37.9 hours in "Investigative and Other work" (based on 37.5 hours at $100.00/hour and 0.4 hours at $110.00/hour). The corrections made by the CJA administrator are appropriate.

Although the vast majority of Counsel's time entries are appropriate, there are a few entries for which Counsel should not be compensated. In the voucher, Counsel lists three

---

2

The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

entries for time listed as "Draft Motion for Writ".[3]  I conclude that these entries are not compensable for two reasons.  First, two of these entries appear duplicative.  Counsel listed two entries for February 23, 2009:

02/23/2009 Draft Motion for Writ (1.0 hour)

02/23/2009 Draft Motion for Writ (0.9 hour)

Second, a review of the docket reflects that Counsel never filed any "Motion for Writ" with the Court.  When questioned about these entries, Counsel conceded that he never filed the motions with the Court.  Counsel explained that the assigned district judge, the Honorable Judge Jose Martinez, indicated that he was not inclined to grant the requests, thus, Counsel never filed the requests with the Court.  Accordingly, I conclude that the time incurred by Counsel drafting the motions is not compensable.

I find, however, that the remaining charges listed in the voucher application are appropriate.  Factoring in my deductions, I recommend that Counsel should be paid $16,160.00 for his out-of-court hours, a reduction of $310.00.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants

---

[3] The entries are dated 2/23/2009 (1.0 hour),  2/23/2009 (0.9 hour) and 2/24/2009 (1.2 hours).

-8-

with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $16,160.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

## Expenses

Counsel sought $1,621.01 in Travel Expenses" and $41.10 in "Other Expenses". The CJA administrator made no corrections to these amounts. I approve the expenses sought as reasonable.

## CONCLUSION

I commend Mr. Wallace for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Mr. Wallace be considered non-reimbursable.

As I explained above, however, because the representation in this case was both complex and extended, I find that it is appropriate that reimbursement be allowed in excess

of the statutory maximum of $8,600.00 in this case.  Based upon my review of the time sheets, my conversations with Counsel and the docket and filings in this case, I RECOMMEND that Counsel be paid $21,159.11 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this ___ day of May, 2010.


**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Arthur L. Wallace III, Esq.
Lucy Lara, CJA administrator